NO SUMMONS ISSUE P -IFP APP

___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

JUL 08 2014

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

BRYEN L VON PRIECE,

   Plaintiff,

vs.

THE CITY OF SEATTLE, a Municipal Corporation, SEATTLE POLICE OFFICER SCOTT ENRIGHT, SEATTLE POLICE OFFICER ANGELA M. GORDON, SEATTLE POLICE OFFICER SAMUEL BYRD, and JANE & JOHN DOES SEATTLE POLICE OFFICERS 1-3,

   Defendants.

No. C14-1024 MJP

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS**

**JURY DEMAND**

14-CV-01024-CMP

  COMES NOW the Plaintiff for a cause of action against the Defendants and alleges as follows:

## I.
## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution and various state and common law claims. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343 *et seq.*

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS – 1

2. There exists a common nucleus of operative facts as to Plaintiffs' state and federal claims. As a consequence, this Court has pendent jurisdiction over the stated claims pursuant to 28 U.S.C. § 1367.

3. Venue in the captioned District Court pursuant to 28 U.S.C. § 1391 stems from the fact that the acts or omissions giving rise to the claims occurred in the judicial district of the captioned District Court.

## II.
## PARTIES

4. The Plaintiff, Bryen Von Priece, is a resident of King County, Washington, within the jurisdiction of this court.

5. Defendant CITY OF SEATTLE is a governmental entity with the right to sue and be sued in its own name and stead.

6. The Defendants Seattle Police officers at all times were employed by the City of Seattle and acting within the scope of their employment.

## III.
## CLAIM FOR DAMAGES

7. A Claim for Damages was properly filed with the defendant CITY OF SEATTLE pursuant to Washington law. More than sixty (60) days have elapsed since the filing of that claim.

## IV.
## FACTS

8. On December 3, 2012, Seattle Police Officer Samuel Byrd responded to a call alleging violation of a civil restraining order.

9. Officer Byrd interviewed Michelle Mitchell-Brannon who reported the Plaintiff pulled into her driveway and put her under survelliance in violation of the order.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS – 2

10. Officer Byrd then interviewed the Plaintiff who reported that he did not drive into Ms. Mitchell-Brannon's driveway.

11. The Plaintiff also told the officers that he recorded the entire incident and the video would prove that his vehicle did not drive into Ms. Mitchell-Brannon's driveway nor did he put her under survelliance.

12. Later in the week, the Plaintiff submitted a copy of the video recording to evidence desk of the Seattle Police Department.

13. Officer Brad Wellborn, who received the video from the Plaintiff, submitted the video into evidence and marked it with the case number related to the incident.

14. Officer Brad Wellborn verbally told Sergeant Angela Gordon, the supervising officer on the day of the incident, that the video of the incident was submitted into evidence.

15. Officer Scott Enright, the investigating officer, acknowledged receipt of the video into evidence in his follow-up police report.

16. Officer Scott Enright concluded in his report that the Plaintiff violated the civil protective order by "entering the driveway of" Ms. Mitchell-Brannon's home.

17. Officer Scott Enright wrote in his report "RESOLUTION: Referred to Law Department for Misdemeanor charges."

18. The Seattle Police Department did not send the video recording to the prosecuting attorney's office.

19. On Apirl 19, 2013, criminal misdemeanor charges were filed against the Plaintiff for violating the civil protective order.

20. The Plaintiff incurred thousands in attorney fees to hire a criminal defense attorney.

21. At trial, the video of the incident was shown to the jury by the Plaintiff's defense attorney, which proved the Plaintiff did not drive into Ms. Mitchell-Brannon's driveway.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS – 3

22. None of the officers named in this complaint admit that they watched the video of the incident before the charges were brought against the Plaintiff or before the trial.

23. The video of the incident also contradicted the allegations and conclusions in the above named officers' police reports.

24. Thus, but for the Defendants' failure to send the video to the prosecuting attorney's office, criminal charges would not be brought against the Plaintiff.

25. At the time of the drafting of this complaint, the Seattle Police Department has not produced the video of the incident to the prosecuting attorney's office.

26. After a jury trial, the Plaintiff was found not guilty.

27. The Plaintiff is an African American male who is gay.

## V.
## CAUSE OF ACTION

### RESPONDEAT SUPERIOR

28. Plaintiff realleges the previous paragraphs as though fully set forth herein.

29. Since Defendant Officers were agents of the Defendant City of Seattle, acting within the scope of their employment during the incident giving rise to this complaint, the City is vicariously liable for the tortious acts of its officers.

### VIOLATION OF 42 U.S.C. § 1983

30. Plaintiff realleges the previous paragraphs as though fully set forth herein.

31. Defendant Officers' conduct violated Plaintiff's civil rights contrary to 42 U.S.C. § 1983.

32. As a result of defendant officers' violation of 42 U.S.C. § 1983, Plaintiff suffered injury, emotional distress, humiliation, embarrassment, diminished respect in the eyes of his peers and incurred attorney fees to defend against false charges the Defendants took steps to initiate without probable cause.

33. The Defendants are liable under 42 U.S.C. § 1983 for the tortuous conduct inflicted upon the Plaintiff.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS – 4

MALICIOUS PROSECUTION

34. Plaintiff realleges the previous paragraphs as though fully set forth herein.

35. The collective actions of the Defendants resulted in the initiation of criminal proceedings against the Plaintiff notwithstanding video evidence in their possession which proved a complete lack of probable cause to initiate such criminal proceedings.

36. The criminal proceedings were intiated by the Defendants for an improper purpose and in an unreasonable and biased manner.

37. The criminal proceedings were terminated in favor of the Plaintiff after a jury found him not guilty of the charges.

38. The actions of the Defendants constituted malicious prosecution.

39. As a result of the Defendants' tortious conduct, the Plaintiff suffered damages.

## VI.
## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the court enter a judgment against each Defendant, jointly and severally, as follows:

A. For special damages in such amount as proven at the time of trial;

B. For general damages in such amount as proven at the time of trial;

C. For attorney fees and costs as authorized by statute including but not limited to attorney fees authorized by 42 U.S.C. § 1983; and

D. For such other and further relief as the court deems just and equitable.

DATED this ▓th day of ▓▓, 2014.

_____
Bryan Von Priece
2031 South Weller Street
Seattle, Washington 98144
206-579-7772

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS – 5